# Anthony P. Stasieczko v. Nelson Nichols and Sara Nichols

[400 A.2d 992]

No. 101-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*Arthur J. O'Dea,* Manchester Center, for Plaintiff.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendants.

**Per Curiam.** In 1963 Anna M. Stasieczko conveyed by warranty deed her property in Mt. Tabor to her son, the plaintiff herein, reserving unto herself a life estate and also

> Excepting and reserving, nevertheless, unto me . . . the power and authority by instrument executed by me, . . . , during my natural life to convey or mortgage an estate in fee simple absolute or a lesser estate, in and to said land and premises, or any part thereof.

After the conveyance, she orally permitted her neighbors, the defendants, to run a waterline across the property. After his mother's death, the plaintiff brought this action demanding the removal of the waterpipe. The defendants

claimed a license from Mrs. Stasieczko. The court, at the close of the plaintiff's case, granted defendants' motion for judgment. In its judgment order it declared that "the defendants have an oral license coupled with an interest to maintain and use the waterpipe that runs over the property of the plaintiff." It is from this judgment that plaintiff appeals. We reverse.

The defendants contend that Mrs. Stasieczko, while she was alive and in possession of the property, had the right to convey an interest in the fee. We agree. The right, however, was conditioned by the terms of the deed itself to be by written instrument only. The defendants admitted that no instrument executed by Mrs. Stasieczko was delivered to them. Because this condition in the deed is unequivocal, we reverse the decision of the trial court. See *Davidson* v. *Vaughn*, 114 Vt. 243, 44 A.2d 144 (1945).

Since the defendants have not waived their right to present evidence, see V.R.C.P. 41(b)(2), a new trial must be granted.

*Reversed and remanded.*